UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNDESA, LLC,

      Plaintiff,

v.                                                                      Case No: 8:19-cv-1809-T-36AAS

JH STUDIOS, INC.,

      Defendant.

_____/

# O R D E R

This cause comes before the Court on Plaintiff's Supplemental Dispositive Motion for Default Judgment and Supporting Memorandum of Points and Authorities (the "Motion"). (Doc. 19). The Court, having considered the Motion and being fully advised in the premises, will deny the Motion and dismiss the complaint without prejudice.

## I.      BACKGROUND AND FACTS

### A.  Procedural Background

Sundesa, LLC ("Plaintiff") sues JH Studios, Inc. ("Defendant") for patent infringement. (Doc 1. ¶¶20–40). The summons and complaint (the "Complaint") were served on Defendant's registered agent on August 14, 2019. (Doc. 12 at 1). After Defendant failed to plead or otherwise defend, Plaintiff moved for entry of default against Defendant. (Doc. 15 at 1). The Clerk entered default against Defendant, pursuant to Federal Rule of Civil Procedure 55(a), on September 10, 2019. (Doc. 16 at 1).

On October 1, 2019, Plaintiff filed its Application for Default Judgment, in which Plaintiff requested the Court to enter default judgment against Defendant. (Doc. 17 at 2–4). Plaintiff also filed an accompanying Memorandum of Points and Authorities in Support of its Application for

Default Judgment, which contained Plaintiff's argument supporting its request for default judgment. (Doc. 18 at 3–8). On November 26, 2019, before the Court ruled on the Application for Default Judgment, Plaintiff filed the Motion. (Doc. 19). The Court denied the Application for Default Judgment for violating the Local Rules. (Doc. 25 at 3). The Court also explained that it would construe the Motion as Plaintiff's operative request for default judgment. *Id.* Defendant has not appeared or otherwise defended in any way in this action. The Motion is ripe for review.

### B. Factual Background

Plaintiff's technological innovations are protected by utility and design patents, including United States Utility Patent No. 6,379,032 (the "'032 Patent") and United States Design Patent No. D510,235 (the "'235 Design Patent" and, together with the '032 Patent, the "Asserted Patents."). (Doc. 1 ¶8). Plaintiff is an exclusive licensee of the Asserted Patents. *Id.* at ¶9. Plaintiff has been granted all rights under the Asserted Patents, such as standing to enforce the Asserted Patents. *Id.*

Defendant, a Florida corporation with its principal place of business located in this district, manufactures and sells custom printed promotional items, including fitness products. *Id.* at ¶¶2, 10. As part of this business, Defendant sells, and offers for sale, shaker cups with whisk-type balls that permit users to perform the methods claimed in the '032 Patent (the "Accused Product"). *Id.* at ¶10. Defendant or its affiliates market, describe, encourage, and instruct Defendant's customers to utilize the Accused Product to mix ingredients therein in such a way as to perform the methods claimed by the '032 Patent. *Id.* at ¶11. Further, the design of the Accused Product is substantially the same as the design that serves as the subject matter of the '235 Patent. *Id.* at ¶14. This similarity in design likely serves to deceive customers and persuade them to purchase the Accused Products, believing they are purchasing the products protected by the '235 Patent. *Id.* at ¶15. On September

29, 2014, Plaintiff's attorneys sent a letter to Defendant, which advised Defendant of its infringement of the Asserted Patents. *Id.* at ¶16. Plaintiff also sent copies of the Asserted Patents to Defendant. *Id.* at ¶17. However, Defendant has continued to infringe the Asserted Patents. *Id.* at ¶19.

Plaintiff brings two claims against Defendant: a claim for infringement of the '032 Patent and a claim for infringement of the '235 Design Patent. *Id.* at ¶¶20–40. In the claim for infringement of the '032 Patent, Plaintiff alleges that Defendant has directly infringed the '032 Patent under 35 U.S.C. § 271(a) by selling, and offering for sale, the Accused Product in the United States. *Id.* at ¶21. Plaintiff further claims that Defendant has indirectly infringed the '032 Patent under 35 U.S.C. §§ 271(b) and (c) by both actively inducing infringement of, and contributorily infringing, the '032 Patent. *Id.* at ¶26.

In the claim for infringement of the '235 Design Patent, Plaintiff alleges that Defendant has infringed the '235 Design Patent by selling, offering to sell, or importing the Accused Product into the United States, the design of which is substantially identical to the ornamental design of the '235 Patent. *Id.* at ¶34. Plaintiff alleges that Defendant's actions constitute infringement of the '235 Design Patent under 35 U.S.C. § 271. *Id.* at ¶35.

In the Complaint, Plaintiff seeks, *inter alia*: (1) a judgment finding Defendant liable for infringement "of one or more claims of the '032 Patent"; (2) a judgment finding Defendant liable for infringing the claims of the '235 Design Patent; (3) injunctive relief; and (4) an award of damages sufficient to compensate Plaintiff for Defendant's infringement. *Id.* at 6–7.

## II.   LEGAL STANDARD

A default judgment may be entered when "the party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

*Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55(a)). Allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established. *See GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

Although a defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A well-pleaded complaint contains more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Brito v. 4018 W. Vine St. LLLP,* No. 618CV177ORL41TBS, 2018 WL 3370672, at *1 (M.D. Fla. May 30, 2018), *report and recommendation adopted*, No. 618CV177ORL41TBS, 2018 WL 3361809 (M.D. Fla. July 10, 2018) (noting the distinction between conclusory allegations and well-pleaded facts). There must be sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570).

A plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Therefore, a court must conduct an analysis to determine whether the well-pleaded factual

---

[1] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

## III.   ANALYSIS

### A.  Clerk's Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear, pursuant to Rule 55(b). *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

A party may effect service on a corporation by any manner accepted within the state where the district court is located. Fed. R. Civ. P. 4(e)(1), (h)(1). Florida law allows process to be served on a corporation's registered agent. Fla. Stat. § 48.081(3)(a). Therefore, under the Federal Rules of Civil Procedure and the Florida Statutes, service upon a corporation is effected when the registered agent is served. Here, Plaintiff effected service upon Defendant by serving Defendant's registered agent. (Doc. 12 at 1). This method of service was proper. Defendant nonetheless failed to appear in this action, and the Clerk entered a default against it. (Doc. 16 at 1).

### B.  Liability

"A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal." *De Lotta v. Dezenzo's Italian Restaurant*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *1 (M.D. Fla. Nov. 24, 2009). Thus, in determining liability here, the Court must determine whether the Complaint contains sufficient well-pleaded factual allegations. In this regard, the Motion is comparable to a reverse motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace*

5

*Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). The Complaint, therefore, must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Complaint must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted). The Complaint will not suffice if it merely "tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted). This plausibility standard "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The plausibility standard of *Twombly* and *Iqbal* is utilized to evaluate complaints alleging patent infringement. *See*, *e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377–81 (Fed. Cir. 2017); *Artrip v. Ball Corp.*, 735 F. App'x 708, 714 (Fed. Cir. 2018).[2] A plaintiff need not identify which claims are allegedly infringed, nor must a plaintiff "plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading Transmission & Process Sys. Pat. Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012). However, a complaint must "place the alleged infringer 'on notice of what activity is being accused of infringement.'" *Lifetime Indus.*, 869 F.3d

---

[2] The Court also notes that the law of the regional circuit is applied when evaluating procedural issues, but the substantive law of the United States Court of Appeals for the Federal Circuit governs patent cases. *See In re RS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying the regional circuit's procedural law because the petition did not involve substantive issues of patent law). The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents . . . ." 28 U.S.C. § 1295(a)(1).

at 1379 (internal alteration omitted) (quoting *K-Tech Telecom., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

Cognizant of these guiding principles, the Court turns to the Complaint to determine whether Plaintiff has pleaded its claims sufficiently to establish, as fact, Defendant's liability.

### i.  Count I

In Count I, Plaintiff brings a claim for infringement of the '032 Patent. 35 U.S.C. § 271 creates liability for three types of patent infringement: direct infringement, induced infringement, and contributory infringement. *Commil USA, LLC v. Cisco Sys. Inc.*, 135 S. Ct. 1920, 1926 (2015) (citing 25 U.S.C. § 271). Count I includes claims for direct infringement, induced infringement, and contributory infringement under the banner of "infringement of the '032 Patent."[3] (Doc. 1 at 3). On the basis of its allegations, Plaintiff claims that Defendant's conduct gives rise to "a cause of action for infringement" under "at least" 35 U.S.C. §§ 271 and 281.[4] *Id.* at ¶28. The Court will begin its analysis by examining the direct infringement claim before reviewing the induced

---

[3] A complaint in which some of the counts present more than one claim for relief constitutes a shotgun pleading. *See*, *e.g.*, *Bickerstaff Clay Prods. Co., Inc. v. Harris Cnty.*, 89 F.3d 1481, 1485 n.4 (11th Cir. 1996); *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1176 & n.5 (11th Cir 1996). In the patent infringement context, a complaint constitutes a shotgun pleading where the plaintiff alleges that a defendant "ha[s] been and/or [is] directly infringing and/or inducing infringement of and/or contributorily infringing" a patent under a single count, *Advanced Screenworks, LLC v. Mosher*, No. 2:19-cv-758-FtM-29MRM, 2020 WL 94562, at *2 (M.D. Fla. Jan. 8, 2020) (internal quotation marks omitted), or where the plaintiff pleads violations of 35 U.S.C. §§ 271(a)–(c) and numerous claims from subject patents in the same count, *zIT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 WL 231215, at *3 & n.5 (M.D. Fla. Jan. 16, 2016). Although the Complaint differs from those complaints identified as shotgun pleadings in the patent infringement context, the form of pleading here nonetheless raises concerns for the Court. However, in light of the Court's analysis herein regarding the sufficiency of Count I, along with the Court's analysis of Count II, the Court need not address whether Count I, as pleaded, renders the Complaint a shotgun pleading.

[4] Section 281 provides that a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281.

infringement claim and the contributory infringement claim. Ultimately, Count I lacks sufficiently well-pleaded allegations.

Turning first to Plaintiff's claim for direct infringement under 35 U.S.C. § 271(a) within Count I, § 271(a) provides: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Direct infringement "require[s] no more than the unauthorized use of a patented invention. Thus, a direct infringer's knowledge or intent is irrelevant." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011) (citation omitted). To plead a claim for infringement, a plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). The Court has continued to apply this standard following the Supreme Court's abrogation of Form 18. *See*, *e.g.*, *WhereverTV, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-cv-529-FtM-99CM, 2019 WL 718576, at *3 (M.D. Fla. Feb. 20, 2019); *Agarwal v. Topgolf Int'l, Inc.*, No. 8:16-cv-2641-T-33JSS, 2017 WL 40804, at *2 (M.D. Fla. Jan. 4, 2017); *CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621-Orl-28GJK, 2016 WL 7665185, at *3 (M.D. Fla. Feb. 23, 2016).

Plaintiff fails to state a plausible claim for direct infringement. Plaintiff alleges that it is the exclusive licensee of the '032 Patent, which protects, as alleged, Plaintiff's "technological innovations." *Id.* at ¶1. Plaintiff has been granted all rights thereunder, "including the right and standing to enforce the '032 Patent." *Id.* at ¶9. Plaintiff names Defendant as the infringer of the '032 Patent and invokes § 271 as the legal basis for this cause of action. According to Plaintiff,

8

Defendant is a corporation involved in the business of both selling and manufacturing promotional items. To that end, Defendant purportedly sells, and offers for sale, the Accused Product, which Plaintiff defines as certain unspecified "shaker cups" containing "whisk type" balls that infringe the '032 Patent by allowing users to "perform the methods claimed in the '032 Patent." *Id.* at ¶10. Plaintiff concludes that the Accused Product has no substantial non-infringing uses and infringes the '032 Patent. *Id.* at ¶¶12–13. The factual basis for Defendant's alleged direct infringement of the '032 Patent boils down to these few allegations. But the allegations fall short of allowing the Court to draw a reasonable inference that Defendant is liable for the alleged misconduct. No further factual support is offered. Plaintiff does not attach the asserted '032 Patent to the Complaint. The Accused Product is described merely as a "shaker cup" with a "whisk type ball." *Id.* at ¶10. Plaintiff does not identify any claims of the '032 Patent, which claims of the '032 Patent the Accused Product infringes, or even the manner of the infringement.[5] While each of these flaws may not individually defeat a claim for a direct infringement, they collectively deprive the claim of the requisite plausibility.

Further undercutting Plaintiff's attempt to plead a plausible claim for direct infringement under Count I is Plaintiff's failure to allege that any infringement occurred during the term of the patent. As noted above, § 271(a) provides that "whoever without authority . . . offers to sell, or sells any patented invention within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Where, like here, an "offer to sell" is by a person other than the patentee, such offer is that in which the

---

[5] Indeed, Plaintiff identifies the allegedly infringed claims—claims 18 through 21—and asserts that it designs and manufactures "the world famous Classic BlenderBottle and SportMixer" for the first time in the Motion. (Doc. 19 at 2). However, Plaintiff fails to allege these facts in the Complaint.

sale will occur prior to the expiration of the patent's term. *Id.* § 271(i). There is no indication from the Complaint that the alleged infringement occurred during the term of the '032 Patent.[6] Based on the foregoing, Count I fails.

Plaintiff also seeks to bring a claim for induced infringement under Count I, alleging that Defendant has indirectly infringed, and continues to indirectly infringe, the '032 Patent under 35 U.S.C. § 271(b). (Doc. 1 ¶26). Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Of course, "there can be no inducement or contributory infringement without an underlying act of direct infringement." *Bill of Lading*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) (internal quotation marks and alteration omitted).

As such, to plead a claim for induced infringement, a plaintiff must allege direct infringement of the patent. *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1269 (M.D. Fla. 2012) (citing, *inter alia*, *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)). Further, a plaintiff must *plausibly* allege that the party who is accused of inducement: (i) knowingly induced such infringement; (2) knew of the subject patent; and (3) specifically intended to encourage another's inducement. *Brandywine Commc'ns Techs.*, 904 F. Supp. 2d at 1269; *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 253 (E.D.N.Y. 2016) (collecting cases); *ThermoLife Int'l, LLC v. Hi-Tech Pharm., Inc.*, No. 1:15-cv-892-ELR, 2018 WL 6728480, at *2 (N.D. Ga. Oct. 30, 2018) (citing *Global-Tech Appliances*, 563 U.S. at 754; *Sanofi v. Watson Labs Inc.*, 875 F.3d 636 (Fed. Cir. 2017)). Like direct infringement claims, induced infringement claims must meet the pleading standards of *Twombly* and *Iqbal*. *Lifetime Indus.*, 869 F.3d at 1379. "[A] complaint must plead *facts plausibly*

---

[6] Plaintiff's concession in the Motion that the '235 Design Patent expired on October 4, 2019 highlights this failure. (Doc. 19 at 2 n.1).

*showing* that the accused infringer specifically intended another party to infringe the patent and knew that the other party's act constituted infringement." *Id*. (emphasis added).

Plaintiff alleges that Defendant has, and has had, "the specific intent to induce its customers or users of its products to infringe the '032 Patent" since "at least" September 29, 2014, when Plaintiff notified Defendant of its infringement of the '032 Patent and provided a copy thereof. (Doc. 1 ¶¶16–17, 22). Plaintiff claims that Defendant "instructs its customers or users of the Accused Product to use it to mix ingredients" in accordance with certain claimed methods of the '032 Patent. *Id.* at ¶22. Indeed, earlier in the Complaint, Plaintiff vaguely alleges that Defendant "*and/or* its affiliates market(s), describe(s), encourage(s), and instruct(s) its customers" to use the Accused Product to mix ingredients in a manner that constitutes performance of the claimed methods of the '032 Patent. *Id.* at ¶11 (emphasis added). Plaintiff also claims that Defendant "has known, or should have known, that its customers, or users of its products, infringe the '032 Patent" since at least September 29, 2014. *Id.* at ¶24.

Plaintiff relies on these allegations to plausibly plead that Defendant knowingly induced the infringement and specifically intended to encourage another's inducement. Thus, Plaintiff alleges that Defendant has knowingly induced the infringement of others, and has specifically intended to encourage their inducement, because Plaintiff provided notice of the infringement in 2014 and Defendant has "instruct[ed] customers to mix ingredients" in accordance with certain "claimed methods" of the '032 Patent. *Id.* at ¶¶22.  These allegations fall short of *plausibly* showing that Defendant *knowingly induced* the infringement and specifically intended to encourage another's inducement. As pleaded, further factual allegations regarding Defendant's requisite knowledge and Defendant's instruction to customers or users are required. Plaintiff also pleads these allegations in the context of the other pleading shortcomings previously discussed, which

11

collectively render the preceding direct infringement claim implausible. The Court will provide

Plaintiff with leave to bring an amended claim under § 271(b).

Finally, Plaintiff's contributory infringement claim also fails. 35 U.S.C. § 271(c) provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c).

Thus, in bringing this contributory infringement claim, Plaintiff must allege that Defendant

sells or imports something that is a "material part of the invention." *Id.*; *see also Brandywine*

*Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*, 912 F. Supp. 2d 1338, 1348 (M.D. Fla. 2012)

(finding that the plaintiff failed to allege that the defendant sold anything that was material to an

identified patented invention). Also relevant here, to state a claim for contributory infringement .

. . a plaintiff must, among other things, plead facts that allow an inference that the components

sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337.

"In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing

use is a use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or

experimental." *Id.* (internal quotation marks omitted).

Plaintiff fails to allege that Defendant sells or imports something constituting a material

part of an invention. Further, Plaintiff merely concludes that the "Accused Product has no

substantial non-infringing uses." (Doc. 1 ¶13). However, the law requires Plaintiff to allege *facts*

that permit the Court to infer no substantial non-infringing use. Plaintiff fails to do so. As such,

the contributory infringement claim under § 271(c) fails.

12

### ii.   Count II

In Count II, Plaintiff brings a claim for infringement of the '235 Design Patent. Plaintiff alleges that Defendant has infringed, and continues to infringe, the '235 Design Patent "by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the Accused Product, the design of which is substantially the same as the ornamental design of the '235 Design Patent." (Doc. 1 ¶34). Thus, although Defendant does not identify a particular subsection of 35 U.S.C. § 271 in bringing this claim, the Court presumes that Plaintiff intends to bring a claim for direct infringement under § 271(a). Upon review, Plaintiff's pleading of Count II renders the Complaint a shotgun pleading.

The Eleventh Circuit has identified those complaints that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Like other types of shotgun pleadings, this type of complaint fails to provide the defendant with "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Twombly*, 550 U.S. at 544. Here, Plaintiff realleges and incorporates all foregoing paragraphs of the Complaint in Count II. As a result, all allegations supporting Count I are offered to support Count II. This improper form of pleading demands sifting through the preceding allegations to determine which allegations are offered to support Count II. This practice is improper and warrants dismissal of the Complaint, without prejudice. Finally, in light of this form of pleading, and given that the Court has already articulated

13

guiding principles for bringing a direct infringement claim, the Court declines to address the sufficiency of the allegations offered to support Count II.

## IV.    CONCLUSION

The Court will dismiss the Complaint and grant Plaintiff leave to file an amended complaint. Any amended complaint must comply with the pleading standards of the Federal Rules of Civil Procedure, along with those standards articulated by the Supreme Court in *Twombly* and *Iqbal*.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Supplemental Dispositive Motion for Default Judgment and Supporting Memorandum of Points and Authorities (Doc. 19) is **DENIED**.

2.  Plaintiff's Complaint, Demand for Jury Trial, and Injunctive Relief Sought (Doc. 1) is **DISMISSED, without prejudice, for failure to state a claim and as a shotgun pleading**.

3.  Plaintiff is granted leave to file an amended complaint curing the deficiencies discussed in this Order within **FOURTEEN (14) DAYS** of the date of this Order. If an amended complaint is filed, Plaintiff must serve it in accordance with the Federal Rules of Civil Procedure. Failure to file an amended complaint within the time prescribed will result in the dismissal of this action, without prejudice, without further notice.

**DONE AND ORDERED** in Tampa, Florida on July 15, 2020.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

14