## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TROVE BRANDS, LLC f/k/a**
**SUNDESA, LLC,**

      **Plaintiff,**

**v.**                            **Case No. 8:19-cv-1809-KKM-AAS**

**JH STUDIOS, INC.,**

      **Defendant.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Trove Brands, LLC (Trove Brands) f/k/a Sundesa, LLC requests an award of attorney's fees against JH Studios, Inc. in the amount of $55,490.40 (Doc. 47). Three law firms represented Trove Brands in this action. Maschoff Brennan Gilmore & Israelsen, PLLC requests $44,494.90 in attorney's fees. (Doc. 47-3, ¶3). Akerman requests $10,505.50 in attorney's fees. (Doc. 47-5, ¶4). Durham Jone Pinegar, P.C. requests $490.00 in attorney's fees. (Doc. 47-1, ¶8).

A prior order already determined that an award of fees is appropriate. (Doc. 40). What remains to be determined is the appropriate amount of fees to be awarded. For the reasons that follow, Trove Brands' motion should be granted in part and denied in part.

1

## I.    BACKGROUND

Trove Brands filed this action on July 24, 2019, and alleged patent and trademark infringement by JH Studios. (Doc. 1). JH Studios was served with process on August 14, 2019. (Doc. 12). Trove Brands moved for default judgment on October 1, 2019, after JH Studios failed to respond to the litigation. (Doc. 17). A June 23, 2020 order denied the motion for failure to comply with the local rules. (Doc. 25). A July 15, 2020 order denied a supplemental motion for default judgment and dismissed Trove Brands' complaint without prejudice for failure to state a claim and for being a shotgun pleading. (Doc. 27).

Trove Brands filed an amended complaint on July 29, 2020. (Doc. 28). JH Studios was served with process again on August 31, 2020. (Doc. 32). Trove Brands renewed its motion for default judgment on October 21, 2020 (35). An August 6, 2021 order granted default judgment, monetary damages, reasonable attorney's fees, and permanent injunctions against JH Studios. (Doc. 40). A November 16, 2021 order permitted Trove Brands to withdraw its request for monetary damages and only pursue attorney's fees. (Doc. 44). Trove Brands moved for attorney's fees on December 16, 2021. (Doc. 47).

## II.    ANALYSIS

Trove Brands requests $55,490.40 in attorney's fees ($44,494.90 for

2

Maschoff Brennan Gilmore & Israelsen, PLLC, $10,505.50 for Akerman, and $490.00 for Durham Jone Pinegar, P.C.). JH Studios has not responded to the motion.[1]

### A. Entitlement to Attorney's Fees

In considering a motion for attorney's fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905, *2 (M.D. Fla. January 6, 2017). The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted).

The Lanham Act permits an award of reasonable attorney's fees to the prevailing party in "exceptional" cases in trademark infringement actions. 15 U.S.C. § 1117(a). Likewise, 35 U.S.C. § 285 allows a prevailing party to recover attorney's fees in exceptional cases in patent infringement actions. A case may be considered "exceptional" and merit an award of attorney's fees when the defendant disregards legal proceedings and does not appear. *Island Fund*

---

[1] Because JH Studios failed to timely respond to the Trove Brands' motion, the court may treat it as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed."). However, for purposes of this Report and Recommendation, the court assumes JH Studios, Inc. would oppose the motion if it had appeared.

*Mgmt. v. RWS, Inc.*, No. 18-21065, 2019 WL 1466707, at *7 (S.D. Fla. Feb. 11. 2019) (citing *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004)).

Because JH Studios did not appear, its actions are considered willful by its default. *See Sream, Inc. v. Onive Food*, No. 18-80491, 2018 WL 8345099, at *3 (S.D. Fla. Sept. 26, 2018) ("Plaintiffs well-pleaded allegations that Defendant's infringement was willful is more than enough to warrant attorneys' fees for this case"). Thus, this action is an "exceptional case" that entitles Trove Brands to an award of attorney's fees against JH Studios.

### B. Calculation of the Lodestar

The initial burden of proof that the fee is reasonable falls on Trove Brands, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Even though Trove Brands' motion is not opposed by JH Studios, this report still must analyze the reasonableness of the requested attorney's fees.

The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the

4

relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

> These factors are subsumed in the calculation of the lodestar:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citation omitted).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. Uni. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. The court

may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

This report will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

### 1. Reasonable Hourly Rate

The court may decide a reasonable rate based on its own expertise and judgment. *Norman*, 836 F.2d at 1303–04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

"An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates." *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929, at *3 (M.D. Fla. Aug. 14, 2020) (citing *Norman*, 836 F.2d at 1299).

Trove Brands submits three declarations in support of its request for attorney's fees. Attorney R. Parrish Freeman of Maschoff Brennan Gilmore & Israelsen, PLLC reported rates ranging from $120.00 to $575.00 per hour. (Doc. 47-3, ¶5). Attorney Jason L. Margolin of Akerman reported rates ranging from $375.00 to $575.00 per hour. (Doc. 47-5, ¶6). Attorney Larry R. Laycock reported an hourly rate of $490.00. (Doc. 47-1, ¶11). These rates are reflected

7

in the billing records submitted by Trove Brands.

In support of the request for fees, attorneys Freeman and Margolin refer to a 2017 case in which this district awarded fees ranging from $350 to $450 per hour for partners and fees ranging from $250 to $350 for associates. (Doc 47-3, ¶9; Doc. 47-5, ¶9). *See Backjoy Orthodontics, LLC v. Forvic Int'l Inc.*, No. 6:14-CV-249-ORL-41TBS, 2017 WL 3037497, at *1 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 3022712 (M.D. Fla. July 17, 2017). Upon review of the billing records, the Amended Declaration of R. Parrish Freeman, (Doc. 52, Attachment 1), and Amended Declaration of Jason L. Margolin, (Doc. 52, Attachment 2), the hourly rates requested are reasonable.

*   *   *

Trove Brands has sufficiently demonstrate the hourly rates submitted are reasonable. Next this report will address the reasonableness of the hours expended on the litigation.

## 2. Reasonable Hours Expended

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). To prevail on its request for attorney's fees, the moving party should present accurate

8

records detailing the work the attorneys performed. *Id.* Inadequate documentation may reduce the fees requested. *Id.*; *Hensley*, 461 U.S. at 433. Hours that are excessive, redundant, or otherwise unnecessary should be excluded from the fee request. *Hensley*, 461 U.S. at 432. For the reasons that follow, some of the hours expended were not reasonable.

### a. Maschoff Brennan Gilmore & Israelsen

Three concerns with the billing records provided by Maschoff Brennan Gilmore & Israelsen undermine the reasonableness of the hours expended: block billing, time billed years before filing suit, and unnecessary time expended. This report will discuss each issue in turn.

### i.    Block Billing

"[B]lock billing makes [review of bills] unnecessarily difficult." *Zachloul v. Fair Debt Collections and Outsourcing,* No. 8:09–CV–128–T–27–MAP, 2010 WL 1730789, at *3 (M.D. Fla. March 19, 2010). When attorneys include multiple tasks in a single time entry, it is nearly impossible for a reviewing court to determine what time was spent on what task. Because of this, the use of block billing warrants a reduction in the number of hours that will be found reasonable. *See, e.g., Kearney v. Auto-Owners Ins. Co.*, 613 F. Supp. 2d. 1369, 1377-78 (M.D. Fla. May 14, 2010).

Maschoff Brennan Gilmore & Israelsen's billing records include

instances of attorneys billing long periods of time with multiple tasks listed in a single entry, evidenced by the following examples:

| date | Description | Hours billed |
|------|-------------|--------------|
| 11/25/2019 | Review feedback from local counsel regarding [BLACKED OUT]; revise supplemental application for default judgment and declaration in support of default judgment in accordance with feedback from local counsel and the local rules; consult with paralegal to finalize and file supplemental application for default judgment and declaration in support of default judgment. | 3.00 |
| 7/16/2020 | Attention to review and analysis of order dismissing complaint; analysis of complaint; review case file regarding past communications with infringer; analysis of utility patent infringement claims; analysis of design patent infringement claims; analysis of potential trade dress claims; develop strategy for amended pleading. | 6.50 |
| 7/17/2020 | Continued attention to preparation of amended complaint; continued fact investigation regarding the same; analysis of products being sold at JH Studios website; analysis of Sundesa intellectual property assets and scope of available protection. | 7.00 |

Because entries such as these make it impossible to determine how much time was spent on which task and whether the time spent was reasonable, fees generated by block billed time entries warrant reduction.

### ii.    Hours Expended Before Filing Suit

The Supreme Court instructs the lodestar calculation must reflect "the number of hours reasonably expended *on the litigation*[.]" *Hensley*, 461 U.S. 424 at 433 (emphasis added). "The law seeks to compensate attorneys for work

10

reasonably done actually to secure for clients the benefits to which they are entitled." *Norman*, 836 F.2d at 1305.

Trove Brands filed this action in July of 2019. (Doc. 1). The first entry for drafting the Complaint is reflected in the billing records dated April of 2019. Yet Trove Brands requests attorney's fees for time entries dating back to August of 2014 — almost five years prior to Trove Brands filing this action. (Doc. 27, ¶3).

Trove Brands has the burden of establishing entitlement to the hours for which it seeks compensation. *See Norman*, 836 F.2d at 1303. Trove Brands has not explained in the motion for fees or in attorney Freeman's declaration why counsel is entitled to fees for time entries dated five years prior to the filing of the litigation. From what Trove Brands provided, the earliest compensable time entries are the April 2019 entries reflecting the drafting of the complaint.

Stated another way, the pre-April 2019 hours should not be compensated as the reasonable hours expended on the litigation because they were not spent on the litigation. Thus, April 2019 should be the starting point for calculating the lodestar.

### iii.   Excessive Time Expended

Excessive, redundant, or otherwise unnecessary hours billed should be excluded from the amount claimed in a request for fees. *Hensley*, 461 U.S. at

11

434. Indeed, attorneys requesting fees must exercise billing judgment. *Id.* at 437. Exclusion of excessive or unnecessary work is left to the discretion of the court. *Norman*, 836 F.2d at 1301. There is nothing inherently problematic about a party retaining multiple attorneys for one cause of action, and all attorneys retained may be compensated so long as they are distinctly contributing. *Johnson v. University College of University of Alabama in Birmingham,* 706 F.2d 1205, 1208 (11th Cir.1983), *cert. denied,* 464 U.S. 994, 104 S. Ct. 489, 78 L.Ed.2d 684 (1983).

Upon review of the post-April 2019 billing records from Maschoff Brennan Gilmore & Israelsen, there are instances of excessive amounts of time by numerous dedicated to the same tasks. Attorneys billed approximately 28.70 hours drafting the first Application for Default Judgment (Doc. 17), the accompanying Memorandum and Points of Authority in Support of its Application for Default Judgment (Doc. 18), and the Supplemental Dispositive Motion for Default Judgment (Doc. 19), which were subsequently denied for violating the local rules. (Docs. 25, 27). While the hours dedicated to completing such tasks alone may not be entirely unrealistic, approximately 3.50 hours dedicated to ensuring such filings conform with the local rules and multiple layers of attorney review did not actually ensure such filings complied with the local rules. Similarly, attorneys billed over 50.00 hours for drafting and

12

reviewing the Amended Complaint in a two-week timeframe. Such a large amount of time by multiple attorneys on this single filing seems excessive.

### b. Akerman

The records submitted by Akerman reflect a reasonable number of hours expended on the litigation. Service descriptions are concise and specific, and counsel exercised billing judgment to prevent unnecessary time spent on menial tasks and duplicative efforts. Akerman requests fees for 22.1 hours of work. This number of hours expended is reasonable and should be compensated.

### c. Durham Jones & Pinegar

The billing records submitted by Durham Jones & Pinegar reflect a single hour expended on the litigation. Task descriptions are concise and specific. Although a court could question the length of time billed for each of these described tasks (e.g., twelve minutes to review a one-sentence clerk's default), perhaps more analysis was necessary for the review of the referenced court docket entries. This hour is reasonable and should be compensated.

*     *     *

Trove Brands has not provided sufficient documentation demonstrating Maschoff, Brennan, Gilmore, & Israelsen's reported hours expended on this litigation are reasonable. Thus, the award of fees should be reduced. Because

13

drafting the Complaint filed in this action began in April of 2019, that month should be the starting point for Maschoff, Brennan, Gilmore, & Israelsen's compensable hours. Additional reductions to the amount of fees to be awarded for Maschoff, Brennan, Gilmore, & Israelsen's work should also be made to accommodate for the block billing and excessive hours spent on tasks.

### 3. Adjustments to the Lodestar Amount

Trove Brands requests $55,490.40 in attorney's fees. (Doc. 47). Of that total, $10,505.50 of work was performed by attorneys at Akerman and those entries and rates are reasonable. In addition, $490.00 in fees is from one hour of work performed by an attorney at Durham Jones & Pinegar and this is reasonable.

By removing the fees requested by Maschoff, Brennan, Gilmore, & Israelsen predating April 2019 (when drafting the complaint began), the request of $44,494.90 in fees for that law firm is reduced to $34,920.45. A further reduction to this amount is warranted for the additional deficiencies in Maschoff, Brennan, Gilmore, & Israelsen's billing records.

There are also deficiencies in some of the billing records. Namely some instances of block billing and unnecessary time spent on tasks, particularly drafting the filings. Specifically, law firm Maschoff Brennan Gilmore & Israelsen requests fees reflecting 197.4 hours' worth of work (post-April 2019)

14

between eleven attorneys for a case resulting in a default judgment. An across the board cut in fees is more appropriate than line by line adjustments because of the number of attorneys from this firm who have worked on this case and the inability to determine which of those attorney's work should be compensated.

Because of these deficiencies, an overall reduction of 15% should be taken from the $34,920.45 in fees for post-April 2019 work attributed to Maschoff, Brennan, Gilmore, & Israelsen so that the firm's compensable fees are reduced to $29,682.38. *See Backjoy Orthodontics, LLC v. Forvic Int'l Inc.*, No. 614CV249ORL41TBS, 2017 WL 3037497, at *1 (M.D. Fla. June 12, 2017) (reducing fee award by 15% because of deficiencies in billing such as unnecessary time spent on drafting pleadings and an excessive amount of attorneys assigned to the case), *report and recommendation adopted*, No. 614CV 249ORL41TBS, 2017 WL 3022712 (M.D. Fla. July 17, 2017). Thus, the appropriate amount of fees to be awarded should be $40,677.88 ($29,682.38 for Maschoff Brennan Gilmore & Israelsen, $10,505.50 for Akerman, $490.00 and Durham Jone Pinegar, P.C.).

## III.   CONCLUSION

Under the Lanham Act, Trove Brands is entitled to reasonable attorney's fees. 15 U.S.C. 1117(a). It is **RECOMMENDED** that Trove Brands' Motion for

Attorney's Fees (Doc. 27) be **GRANTED IN PART** and **DENIED IN PART** and that Trove Brands be awarded **$40,677.88** in attorney's fees.

      **ENTERED** in Tampa, Florida on March 3, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

      The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.